## MORGAN & BERRY *v.* R. L. MCGREGOR.

**Liability of Assignors of Note—Pleading.**

 Where a note is made payable to A, who assigns it to B upon the the face of the transaction, A is bound to B as an assignor and not otherwise, and where B seeks to hold A as guarantor he must plead and prove facts showing that his contract was that of a guarantor.

**Contract of Assignor.**

 Where a note is made payable to A, who assigns it to B, the assignor is bound to B, as an assignor, and before B can look to A it is incumbent on him to show that he had sued and prosecuted the maker of the note to insolvency, with legal diligence.

### APPEAL FROM ROWAN CIRCUIT COURT.

#### November 17, 1877.

OPINION BY JUDGE LINDSAY:

The note sued on was made payable to Morgan & Berry, and was by them assigned or endorsed to McGregor. Upon the face of the transaction they were bound to McGregor as assignors, and not otherwise, and before he could look to them it was incumbent on him to show that he had sued and prosecuted Hayden, the maker of the note, to insolvency, with legal diligence.

Instead of pursuing this course McGregor wrote above the names of the prima facie assignors the words: "We hereby become the sureties of B. T. Hayden for the payment of this note to R. L. McGregor."

If this was the real contract between the parties, we are not prepared to decide that McGregor did not have the right, by implication of law, to set it out in writing, but that question does not necessarily arise on this appeal. The cause of action against Morgan & Berry, if there be one, is on this alleged contract of guaranty or suretyship, and the petition and amended petition are fatally defective in failing to set it out.

In the original petition it is averred: "and on the back of said note the said Morgan & Berry endorsed the same as follows: 'Mor-

gan & Berry, thereby intending and agreeing to secure to the plaintiff the payment of said note.' " That they did thereby intend and agree to secure the payment of the note cannot be questioned, but in the absence of an express agreement to be otherwise bound (and no such express agreement is alleged), they were to secure it as matter of law, in the capacity of assignors, and not as sureties or guarantors.

In the amended petition it is charged that the names of Morgan & Berry were indorsed on the note for the purpose of making said firm liable in the first instance as guarantors or sureties for the payment of said note, and that the said firm thus intending did become sureties to him and became bound financially on said note.

Here appellee again fails to aver that there was an express contract or agreement on the subject of appellants' liability, and his deductions as to their intentions, and the legal effect of their act, is in the face of the prima facie presumption arising therefrom. In order to make out a good cause of action, appellee must declare on the contract evidenced by what he has written on the back of the note; when this is done appellants can by their answer raise an issue of fact, instead of law.

But even if the pleadings of appellee were good, the judgment could not be sustained on account of the error of the court in giving and refusing instructions.

By instruction No. 2 the jury was told that if appellants indorsed the note in blank, then appellee was authorized to write a guaranty of payment over their names, provided they thereby intended to become bound as guarantors. This is incorrect. The question was not as to the intention of appellants, but as to their contract or agreement. If they made no express agreement, they were in law bound as assignors, and not as guarantors.

Instruction No. 3 is likewise objectionable. Instructions Nos. 3 and 4, asked for by appellants and refused, correctly state the law of the case. Instructions Nos. 4 and 5 given for appellant are inconsistent with and contradictory to those given for appellee, and the conflict thus produced in the law, as given to the jury, was calculated to confuse and mislead them.

The judgment of the court below is *reversed* and the cause remanded with instructions to grant a new trial, and for further proceedings not inconsistent with this opinion.

*H. L. Stone, J. M. Nesbitt, T. F. Hargis, for appellants.*
*Clarke, E. C. Phister, for appellee.*